## William C. Bates et al., Executors, Appellees, v. Edward C. Lutz, Appellant.

TRUSTS—*when executors of transferor of corporate stock not estopped to allege trust.* Where the owner of corporate stock transferred certain shares thereof to another for the purpose of enabling such other to take the owner's place as a director in the company, such transfer being made under a written agreement by which the transferee agreed to transfer such stock back to the transferor and to resign as director upon request, a contract subsequently made between the transferor and other stockholders with reference to the pooling, voting, handling and future disposition of the shares owned by the parties, in which it was recited that the transferee "is the owner of 50 shares of the capital stock of said corporation," did not estop the executors of the transferor from asserting that the transfer was made in trust.

Appeal from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed January 4, 1922.

SMITH & EDGELL and CONEY & WOODS, for appellant.

H. F. TRAPP and MILLER & MILLER, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellees filed their bill in chancery asking that the court find and decree that appellant, Edward C. Lutz, held 50 shares of the capital stock of the Central Illinois Telephone and Telegraph Company, 5 shares of

the New Holland Telephone Company, and 2 shares of the capital stock of the Elkhart Independent Telephone Company, in trust for E. W. Bates during his lifetime, and that at the time of his death E. W. Bates was the equitable and beneficial owner of said stock, and that by reason of the premises the executors are now the equitable and beneficial owners of 80 shares of the capital stock of the Lincoln Telephone Company and entitled to have the stock issued to them as executors, and asking, also, that the court decree that appellant, Edward C. Lutz, has no interest of any kind or character in said shares of stock and that he be ordered and directed by the decree to transfer all stock in all the companies to complainants, appellees, and that the Lincoln Telephone Company be directed to issue to the complainants, appellees, 80 shares of the capital stock of the Lincoln Telephone Company.

The court so found and entered its decree in accordance with such finding, from which decree appellant, Edward C. Lutz, has applied to this court.

The evidence shows that on November 18, 1913, Erastus W. Bates was the owner of 265 shares of the capital stock of the Central Illinois Telephone and Telegraph Company and that on said day he surrendered for cancellation a certificate for 50 shares of said stock and caused to be issued in lieu thereof a certificate for 50 shares of the stock of said corporation in the name of appellant, who was his son-in-law. The evidence further shows that on said day appellant executed and delivered to Erastus W. Bates the following written statement:

"I hereby agree to transfer to E. W. Bates, at any time he may request me to, all interest in fifty shares (50) of Central Illinois Telephone and Telegraph Company stock that now stands in my name. Said stock was transferred to me on this day for the purpose of representing E. W. Bates' interests on the Board of Directors of said Company, and I agree to

resign from said Board upon request of E. W. Bates. Nov. 18, 1913.                    Edward C. Lutz.''

The evidence further shows that this certificate of stock was delivered to Bates and that the certificate and the statement of appellant were pinned together and deposited in Bates' safety deposit box in the Lincoln National Bank, where they were found after Bates' death. The evidence also shows that Bates received the dividends which were paid upon this stock and that while appellant was the nominal owner of the stock, Bates was the real owner, and that the transfer was made for the purpose set forth in appellant's statement. Bates resigned as a director of the corporation November 18, 1913, and appellant was on that day elected to fill the vacancy.

The evidence further shows that in September, 1916, the stockholders of this corporation purchased all but two shares of the capital stock of the New Holland Telephone Company and that 5 shares of the stock of this company were issued in the name of appellant on account of the 50 shares of stock in the former corporation standing in his name, but that these 5 shares of stock were paid for by Bates and that they were held by him at the time of his death, and during his lifetime he received the dividends therefrom.

The evidence shows that in 1918 the stockholders of the Central Illinois Telephone and Telegraph Company purchased 51 shares of the Elkhart Independent Telephone Company stock and that these shares were also allotted to the stockholders of the Central Illinois Telephone and Telegraph Company in proportion to their number of shares in that company, and that 2 shares of this stock were allotted to appellant on account of the 50 shares above mentioned.

These 2 shares were issued in his name but the purchase price was paid by Bates and the certificate of stock delivered to him and held by him at the time of his death.

For the purpose of consolidating these three corporations the Lincoln Telephone Company was organized and it took over all the assets of these corporations. Arrangements were made to issue stock in the new corporation to the old stockholders in proportion to their stock holdings in the old corporations. Prior to the issuance of this stock, Erastus W. Bates died.

January 7, 1914, Bates, appellant and others, stockholders of the Central Illinois Telephone and Telegraph Company, entered into a written agreement with reference to the pooling, voting, handling and future disposition of the shares of stock owned by the parties in the corporation. This agreement was signed by Bates and it contained this statement: "Edward C. Lutz is the owner of 50 shares of the capital stock of said corporation."

It is contended by appellant that the effect of this contract would be to estop Erastus W. Bates, were he now living, from asserting that the transfer of the 50 shares of stock in question to Edward C. Lutz was made in trust, and the rights of his executors, being no higher than his, they are also estopped from asserting that such transfer was made in trust. With this contention we cannot agree. Appellant was not deceived thereby. He was not induced to do any act in reliance upon such statement which he would not otherwise have done and he in no way changed his status by reason of such statement. The doctrine of estoppel does not apply to the facts of this case. *Chicago & A. R. Co. v. Slick & Co.*, 220 Ill. App. 61.

We are of the opinion that the evidence in the case fully justifies the decree and is therefore affirmed.

*Affirmed.*